*248 OPINION.
SteRnhagen :
The taxpayers were wheat farmers and as shown by the evidence they bought and sold wheat futures on the Chicago Board of Trade entirely for the purpose of protection against pricei fluctuation. They were not speculators in the grain market as was the taxpayer in Staerker v. United States (U. S. Dist. Ct., N. Dist. of Texas, Sept. 23, 1938), or on the stock exchange as in O. L. Burnett, 40 B. T. A. 605. All of their transactions were related to their business of production and sale. They had books of account which included inventories and apparently the only reason that there were no inventories at the beginning and end of 1935 was that no wheat and no wheat contracts were on hand on those dates. Whether it *249 would be sensible to include in such, an inventory wheat covered by a contract for future delivery, we do not know. See G. C. M. 18658, C. B. XVI-2, p. 77; Paul and Mertens, sec. 13.43; id. 1939 C. S., sec. 13.43.
The Commissioner has interpreted and administered section 117 as excluding hedging transactions, G. C. M. 17322, C. B. XV-2, p. 151, and the evidence shows that petitioners’ transactions were all hedging transactions. The Commissioner seems, as indicated by the deficiency notice, to have thought that petitioners’ transactions were merely speculations in future contracts having no relation to their production business. This being untrue, the determination is reversed.
Reviewed by the Board.

Decision will ~be entered under Rule 50.

Him dissents.
DisNey concurs only in the result.